# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2020

Lyle W. Cayce
Clerk

No. 19-50190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO DANIEL GRANADOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-1978-2

Before OWEN, Chief Judge, and SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Mario Daniel Granados was convicted of conspiracy to import 500 grams or more of cocaine, importation of 500 grams or more of cocaine, conspiracy to possess with intent to distribute 500 grams or more of cocaine, and possession with intent to distribute 500 grams or more of cocaine. The district court sentenced him at the bottom of the guidelines range to concurrent terms of 151

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment, followed by concurrent five-year terms of supervised release.  Granados now appeals, asserting that the district court erred by adopting the drug quantity relevant conduct calculation contained in the presentence report.  He maintains that the drug quantity relevant conduct calculation was based on his unindicted co-conspirator's unsubstantiated statements.

We review the district court's determination of drug quantity for clear error and will affirm the finding so long as it is "plausible in light of the record as a whole."  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted).  The district court's drug quantity relevant conduct calculation was plausible in light of the record as a whole, including the reports of investigation and evidence adduced at trial.  *See id.*

Granados also asserts that the district court violated Federal Rule of Criminal Procedure 43(a) by holding a sealed bench conference outside of his presence during the sentencing hearing.  Because Granados did not raise this issue in the district court, this court's review is for plain error.  *See United States v. Thomas*, 724 F.3d 632, 641-42 (5th Cir. 2013).  To establish plain error, Granados must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If those requirements are satisfied, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).  Rule 43(a) provides that a "defendant must be present at . . . sentencing."  FED. R. CRIM. P. 43(a)(3).  Granados was in the courtroom during the bench conference, defense counsel was at the bench and participated in the conference, and the district court

explained to Granados what had happened after the conference ended. Accordingly, Granados has not shown any clear or obvious error. *See Puckett*, 556 U.S. at 135. Moreover, Granados has not even attempted to explain how any error affected the outcome of the proceeding and thus affected his substantial rights. *See Thomas*, 724 F.3d at 645.

AFFIRMED.